**Leonard Rollon CRAWFORD–EL, Plaintiff,**

v.

**Patricia BRITTON and District of Columbia, Defendants.**

**Civ. No. 89–3076 (RCL).**

United States District Court, District of Columbia.

Aug. 31, 1994.

essentially a forecast, albeit an educated one, of the way the MSPB would rule if an actual case materialized. *Id.* at 752–53.

Daniel M. Schember, Gaffney & Schember, P.C., Washington, DC, for plaintiff.

Richard S. Love, Washington, DC, for defendants.

LAMBERTH, District Judge.

## MEMORANDUM OPINION AND ORDER

This case comes before this court on plaintiff's motion to reconsider the order entered February 15, 1994,[1] which dismissed his fourth amended complaint. Based upon the motion and a subsequently filed supplemental memorandum in support, defendants' opposition, and plaintiff's reply, this court will deny plaintiff's motion for reconsideration for the reasons stated below.

---

**I.**

Plaintiff's first set of arguments seeks to support his claim of impermissible retaliation for his exercise of his First Amendment rights. In his motion to reconsider, plaintiff argues that in the District of Columbia, plaintiffs alleging unconstitutional motive need not make their case with direct—not merely circumstantial—evidence in order to meet the heightened pleading standard and survive a motion to dismiss. Plaintiff has since conceded in his reply brief that *Kimberlin v. Quinlan,* 6 F.3d 789 (D.C.Cir.1993), forecloses this argument. The *Kimberlin* court held that[2]

> a plaintiff who charges a government official with a constitutional deprivation where the outcome depends on the official's state of mind ... is subject to this circuit's so-called 'heightened pleading' standard, requiring pleading of specific *direct* evidence of intent to defeat a motion to dismiss.... Thus, [plaintiff] Kimberlin was required to proffer *direct* evidence of unconstitutional motive on the part of the two defendants and was precluded from relying on mere circumstantial evidence.

The Court of Appeals for this Circuit has recently refused to reconsider *Kimberlin,*[3] but a petition for certiorari is now pending in the Supreme Court.[4]

Second, plaintiff argues that despite *Kimberlin,* he need not produce direct evidence to clear the heightened pleading standard because defendant Britton waived the direct evidence element of her qualified immunity defense. Although it is true that Britton may have failed to "raise the distinction" between the direct and circumstantial tests,[5] she did raise the qualified immunity defense,[6] and by doing so she invoked all the standards that govern qualified immunity in this Circuit, including the direct evidence rule. In any event, it is not clear that a defendant like Britton who invoked the quali-

---

1. *Crawford–El v. Britton,* 844 F.Supp. 795 (D.D.C.1994).

2. *Kimberlin,* 6 F.3d at 793–94, 795 (emphasis in original).

3. *See Kimberlin v. Quinlan,* 17 F.3d 1525 (D.C.Cir.1994).

4. A petition for certiorari was filed on June 22, 1994. *See* 63 U.S.L.W. 3009, 1994 WL 314429 (July 12, 1994).

5. *Kimberlin,* 6 F.3d at 795 n. 12.

6. *See* Defs.' Motion to Dismiss at 14.

fied immunity defense could waive the direct evidence rule even if she wanted to do so, and plaintiff cites no case for that proposition.

■ Third, plaintiff argues that the appellate panel that previously reviewed this case expressly ruled that plaintiff has already provided direct evidence that satisfies this Circuit's heightened pleading standard.[7] Rightly or wrongly decided, that determination is now law of the case, plaintiff argues, and he states that he is entitled on remand to use that finding to support his argument that Britton retaliated against him for his exercise of his First Amendment rights.

Yet plaintiff reads too much into the appellate court's ruling. The appellate court did rule that plaintiff proffered direct evidence that Britton acted with unconstitutional motive *with respect to his court access right,* but it said nothing about the evidence that she acted with unconstitutional motive *with respect to his First Amendment rights.* The former is proved with evidence showing intent to deprive plaintiff of access to the courts, the latter with evidence showing intent to punish plaintiff for his outspokenness. In this case, different evidence supports the two allegations,[8] although some evidence can be used to support them both.[9]

Fourth, plaintiff argues that whether the appellate panel has ruled on the question or not, he has proffered evidence that shows that Britton acted with unconstitutional motive with respect to his First Amendment rights. Yet the supportive evidence that plaintiff cites is the same evidence this court considered and rejected in the February 15 order,[10] and plaintiff offers no fresh reason to revise that decision.

## II.

■ Plaintiff's second argument on reconsideration seeks to support his claim that Britton's intentional and lengthy deprivation and subsequent diversion of his active legal papers violated his right to petition for redress, as guaranteed by the First Amendment. Plaintiff is correct that the February 15 order did not address this claim. The court did not understand his complaint to state a petition-for-redress claim distinct from his court access claim. Having reviewed plaintiff's clearer statement of his claim in his motion for reconsideration, the court now rejects it.

Plaintiff's argument is that Britton's actions deprived him of his First Amendment right to petition for redress of grievances, and that such a deprivation is unconstitutional unless her actions are narrowly tailored to serve a significant government interest and leave adequate alternative methods for the exercise of First Amendment rights. The problem is that although plaintiff's First Amendment rights may have been threatened, they were never actually violated. None of his cases were dismissed or otherwise harmed by the delay. *See Crawford–El,* 951 F.2d at 1322. Although he may have suffered some peripheral harms—the cost of replacing some clothing packaged in the delayed boxes, the cost of shipping the boxes to himself, and the emotional distress he claims to have suffered—plaintiff's right to petition under the First Amendment has simply not been injured. The appellate panel in this case has suggested that even First Amendment claims are subject to a *de minimis* rule and that the evidence in this case does not rise to that standard. *See Crawford–El,* 951 F.2d at 1322. This court agrees.

Accordingly, it is hereby ORDERED that plaintiff's motion to reconsider this court's order of February 15, 1994, is DENIED.

SO ORDERED.

7. *See Crawford–El v. Britton,* 951 F.2d 1314, 1319–21 (D.C.Cir.1992). *See also Kimberlin,* 6 F.3d at 795 n. 12.

8. *Contrast Crawford–El,* 844 F.Supp. at 802–03 (paragraphs 1 and 2) *with Crawford–El,* 951 F.2d at 1320.

9. *Compare Crawford–El,* 844 F.Supp. at 803 (paragraphs 3, 4, and 5) *with Crawford–El,* 951 F.2d at 1319–20.

10. *See Crawford–El,* 844 F.Supp. at 802–03.